

1  RANDY S. GROSSMAN
   Acting United States Attorney
2  JACLYN STAHL
   California Bar No. 295467
3  MEGAN ROSSI
   California Bar No. 318643
4  Assistant U.S. Attorneys
   United States Attorney's Office
5  880 Front Street, Room 6293
   San Diego, California 92101-8893
6  Telephone: (619) 546-8456
   Jaclyn.Stahl@usdoj.gov
7
   Attorneys for Plaintiff
8  UNITED STATES OF AMERICA

9

10                    **UNITED STATES DISTRICT COURT**

11                  **SOUTHERN DISTRICT OF CALIFORNIA**

12  UNITED STATES OF AMERICA,              Case No. 21-CR-2816-TWR

13                        Plaintiff,       **PLEA AGREEMENT**

14        v.

15  VYVIANNA M. QUINONEZ,

16                        Defendant.

17
         IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA,
18
   through its counsel, Randy S. Grossman, Acting United States Attorney,
19
   and Jaclyn Stahl and Megan Rossi, Assistant United States Attorneys, and
20
   defendant, VYVIANNA M. QUINONEZ, with the advice and consent of Knut S.
21
   Johnson, counsel for defendant, as follows:
22
   //
23
   //
24
   //
25
   //
26
   //
27
   //
28

                                              Def. Initials _____

1

## I

## THE PLEA

A.   THE CHARGE

Defendant agrees to plead guilty to Count 2 of the Information charging Defendant with:

> On May 23, 2021, within the special aircraft jurisdiction of the United States, namely, Southwest Airlines Flight 700, in flight, traveling from Sacramento International Airport to San Diego International Airport, and within the jurisdiction of the Southern District of California, defendant VYVIANNA M. QUINONEZ, by assaulting and intimidating a flight crew member and flight attendant of Southwest Airlines Flight 700, interfered with the performance of the duties of the member and attendant and lessened the ability of the member and attendant to perform those duties, in violation of Title 49, United States Code, Sections 46501 and 46504.

In addition, the attached Restitution Addendum shall govern restitution in this case.

B.   DISMISSAL OF REMAINING COUNTS

The Government agrees to (1) move to dismiss the remaining charges without prejudice when Defendant is sentenced, and (2) not prosecute Defendant thereafter on such dismissed charges unless Defendant breaches the plea agreement or the guilty plea entered pursuant to this plea agreement is set aside for any reason. If Defendant breaches this agreement or the guilty plea is set aside, section XII below shall apply.

C.   DISPOSITION OF EVIDENCE

Defendant agrees further that, following entry of Defendant's guilty plea, the Government need not hold or preserve any evidence seized in connection with this case. Furthermore, if the court has issued a preservation order in connection with any seized evidence, the Defendant agrees to jointly request that the Court lift or revoke the preservation order following entry of defendant's guilty plea.

2

Def. Initials ____
21-CR-2816-TWR

## II

### NATURE OF THE OFFENSE

A.   ELEMENTS EXPLAINED

The offense to which Defendant is pleading guilty has the following elements:

1.   The defendant was on an aircraft in flight in the special aircraft jurisdiction of the United States.

2.   The defendant knowingly assaulted or intimidated a flight-crew member or flight attendant of the aircraft.

3.   The assault or intimidation interfered with or lessened the ability of the crew member or flight attendant to perform his/her duties.

B.   ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crime and admits that there is a factual basis for this guilty plea.  The following facts are true and undisputed:

1.   On May 23, 2021, QUINONEZ boarded Southwest Airlines Flight 700 from Sacramento International Airport to San Diego International Airport. QUINONEZ was seated in aisle seat 24D, which was in the last row of the airplane. S.L. was a Southwest flight attendant working in the back of the airplane for the duration of the flight.

2.   During the final descent of Flight 700, QUINONEZ was not wearing her facemask properly, unbuckled her seat belt, and pulled down her tray table—all in violation of federal rules and regulations. S.L. approached QUINONEZ and requested that she fasten her seat belt, stow her tray table, and wear her facemask properly. After requesting that QUINONEZ comply for her own safety, S.L. returned to her jump seat for landing.

3.   QUINONEZ began filming S.L. on her cellphone. S.L. again approached QUINONEZ, and QUINONEZ pushed S.L. S.L. said, "You do not push a flight attendant," or words to that effect. Around that time, another passenger on the airplane began filming the interaction on her cellphone.

4.   QUINONEZ stood up and knowingly assaulted S.L. by intentionally punching S.L. in the face and head with a closed fist and grabbing S.L.'s hair. Several other passengers attempted to stop QUINONEZ by grabbing at her

3

Def. Initials _____
21-CR-2816-TWR

clothing and arm. A male passenger sitting one row ahead of QUINONEZ in the middle seat across the aisle jumped in between QUINONEZ and S.L. and instructed QUINONEZ to sit down. The assault occurred shortly after the airplane landed in the Southern District of California.

5. As a result of being assaulted by QUINONEZ, S.L. was taken to the hospital and suffered bodily injury. S.L.'s left eye was bruised and swollen; she sustained a cut under her left eye, requiring three stitches; she had a bruise in the shape of fingers on her right forearm; and three of her teeth were chipped—two of her teeth later had to be replaced by crowns.

6. QUINONEZ's assault and intimidation of S.L. interfered with and lessened S.L.'s ability to perform her duties in the following ways:

   a. S.L. was unable to disarm and cross-check the two doors in the back of the airplane,

   b. She did not make a corresponding announcement about the doors on the public address system,

   c. She was unable to assist passengers with exiting the aircraft,

   d. She was unable to clean the aircraft,

   e. She did not check the overhead bins in the aircraft,

   f. And she did not communicate with the Captain about the next flight.

   g. Further, after being informed that S.L. was assaulted and law enforcement was requested, the Captain of the airplane delayed taxiing the airplane to the gate for a few minutes to wait for law enforcement to arrive.

7. Flight 700 was in the special aircraft jurisdiction of the United States because it was an aircraft in the United States that was in flight, meaning all external doors were closed following boarding and no external door had been opened to allow passengers to leave the aircraft.

## III

## PENALTIES

The crime to which Defendant is pleading guilty carries the following penalties:

A. a maximum 20 years in prison;

B. a maximum $250,000 fine;

4

Def. Initials _____
21-CR-2816-TWR

C.      a mandatory special assessment of $100.00 per count; and

D.      a term of supervised release of not more than 3 years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison, upon any such revocation, all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release.

In addition, Defendant may be subject to an order of restitution to victims of the offense or persons other than victims of the offense who Defendant agrees to pay, requiring Defendant to repay such persons at least $ 20,001.15, as set forth in the attached Restitution Addendum.

## IV

### DEFENDANT'S WAIVER OF TRIAL RIGHTS
### AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives Defendant's right at trial to:

A.      Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B.      A speedy and public trial by jury;

C.      The assistance of counsel at all stages of trial;

D.      Confront and cross-examine adverse witnesses;

E.      Testify and present evidence and to have witnesses testify on behalf of defendant; and

F.      Not testify or have any adverse inferences drawn from the failure to testify.

## V

### DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE
### PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

Any information establishing the factual innocence of Defendant known to the undersigned prosecutor in this case has been turned over to Defendant. The Government will continue to provide such information establishing the factual innocence of defendant.

5

Def. Initials _____

21-CR-2816-TWR

1    If this case proceeded to trial, the Government would be required
2  to provide impeachment information for its witnesses. In addition, if
3  Defendant raised an affirmative defense, the Government would be
4  required to provide information in its possession that supports such a
5  defense. By pleading guilty, Defendant will not be provided this
6  information, if any, and Defendant waives any right to this information.
7  Defendant will not attempt to withdraw the guilty plea or file a
8  collateral attack on the existence of this information.

9                                  **VI**

10         **DEFENDANT'S REPRESENTATION THAT GUILTY**
             **PLEA IS KNOWING AND VOLUNTARY**

11      Defendant represents that:

13  A.   Defendant has had a full opportunity to discuss all the facts
        and circumstances of this case with defense counsel and has a
        clear understanding of the charges and the consequences of
14      this plea. By pleading guilty, Defendant may be giving up, and
        rendered ineligible to receive, valuable government benefits
15      and civic rights, such as the right to vote, the right to
        possess a firearm, the right to hold office, and the right to
16      serve on a jury. The conviction in this case may subject
        Defendant to various collateral consequences, including but
17      not limited to revocation of probation, parole, or supervised
        release in another case; debarment from government
18      contracting; and suspension or revocation of a professional
        license, none of which can serve as grounds to withdraw
19      Defendant's guilty plea;

20  B.   No one has made any promises or offered any rewards in return
        for this guilty plea, other than those contained in this
21      agreement or otherwise disclosed to the court;

22  C.   No one has threatened Defendant or Defendant's family to
        induce this guilty plea; and,

23  D.   Defendant is pleading guilty because Defendant is guilty and
24      for no other reason.

25  //
26  //
27  //
28  //

                                    6

                               Def. Initials ____
                               21-CR-2816-TWR

## VII

## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE, SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by Defendant.

## VIII

## APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the Government have an opportunity to review and challenge the presentence report. **Defendant agrees to request that a presentence report be prepared**. Nothing in this plea agreement limits the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

## IX

## SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by

7

Def. Initials _____
21-CR-2816-TWR

statute.  It is uncertain at this time what Defendant's sentence will be.  The Government has not made and will not make any representation as to what sentence Defendant will receive.  Any estimate of the probable sentence by defense counsel is not a promise and is **not binding on the Court**.  Any recommendation made by the Government at sentencing is also not binding on the Court.  If the sentencing judge does not follow any of the parties' sentencing recommendations, Defendant will not withdraw the plea.

**x**

## PARTIES' SENTENCING RECOMMENDATIONS

A.  SENTENCING GUIDELINE CALCULATIONS

Although the Guidelines are only advisory and just one factor the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments, and Departures:

1.  Base Offense Level
    [USSG §§ 2A2.2(a), 2A5.2(a)(3)]                14

2.  Bodily Injury [USSG § 2A2.2(b)(3)]            +3

3.  Acceptance of Responsibility [USSG § 3E1.1]   -3

4.  Expeditious Resolution [USSG § 5K2.0]         -2

B.  ACCEPTANCE OF RESPONSIBILITY

Despite paragraph A above, the Government need not recommend an adjustment for Acceptance of Responsibility if Defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

1.  Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;

8

Def. Initials _____
21-CR-2816-TWR

2.  Falsely denies prior criminal conduct or convictions;

3.  Is untruthful with the Government, the Court or probation officer; or

4.  Breaches this plea agreement in any way.

C.  FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553

Defendant **may** request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553. The Government will oppose any downward adjustments, departures, or variances not set forth in Section X, paragraph A above.

D.  NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

The parties have **no** agreement as to Defendant's Criminal History Category, except that, if Defendant is determined to be a Career Offender, the parties agree that the Defendant is automatically a Criminal History Category VI pursuant to USSG § 4B1.1(b).

E.  "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

F.  PARTIES' RECOMMENDATIONS REGARDING CUSTODY

The Government agrees to recommend 4 months' custody and 6 months of home confinement or, if Defendant has a criminal history category greater than I, the Government agrees to recommend the low-end of the Guideline range as calculated by the Government pursuant to this agreement with 40% to be served in custody and 60% to be served as home confinement.

//

//

9

Def. Initials ___
21-CR-2816-TWR

1    G.   SPECIAL ASSESSMENT, FINE, AND RESTITUTION

2        The parties will jointly recommend that defendant pay a special

3    assessment in the amount of $100.00 per felony count of conviction to

4    be paid forthwith at time of sentencing.

5        The parties will jointly recommend that Defendant pay a fine in the

6    amount of $5,000 to be paid forthwith at the time of sentencing.

7        The special assessment and fine shall be paid through the office

8    of the Clerk of the District Court by bank or cashier's check or money

9    order made payable to the "Clerk, United States District Court."

10       The parties will jointly request that the Court enter an order of

11   restitution consistent with the attached Restitution Addendum.

12   H.   SUPERVISED RELEASE

13       The parties agree to jointly recommend 3 years of supervised release

14   with a condition requiring 250 hours of community service to be completed

15   during each year of supervision, a condition requiring anger management

16   classes or counseling, and a condition prohibiting Defendant from flying

17   on commercial aircraft for the term of supervised release.

18       If the Court imposes a term of supervised release, Defendant will

19   not seek to reduce or terminate early the term of supervised release

20   until Defendant has served at least two-thirds of the term of supervised

21   release and has fully paid and satisfied any special assessments, fine,

22   criminal forfeiture judgment and restitution judgment.

23                                    **XI**

24          **DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**

25       Defendant waives (gives up) all rights to appeal and to collaterally

26   attack every aspect of the conviction and sentence, including any

27   restitution order. This waiver includes, but is not limited to, any

28   argument that the statute of conviction or Defendant's prosecution is

                                      10

                                          Def. Initials ____
                                          21-CR-2816-TWR

unconstitutional and any argument that the facts of this case do not constitute the crime charged. The only exception is Defendant may collaterally attack the conviction or sentence on the basis that Defendant received ineffective assistance of counsel. If Defendant appeals, the Government may support on appeal the sentence or restitution order actually imposed.

## XII

### BREACH OF THE PLEA AGREEMENT

Defendant and Defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

Defendant breaches this agreement if defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

A.   Failing to plead guilty pursuant to this agreement;

B.   Failing to fully accept responsibility as established in Section X, paragraph B, above;

C.   Failing to appear in court;

D.   Attempting to withdraw the plea;

E.   Failing to abide by any court order related to this case;

F.   Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or

G.   Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

11

Def. Initials ___

21-CR-2816-TWR

If Defendant breaches this plea agreement, Defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (Defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; Defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for Defendant's breach.

Additionally, if Defendant breaches this plea agreement: (i) any statements made by Defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against defendant in any prosecution of, or any action against, defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by the Defendant. Additionally, Defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the Government, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

12

Def. Initials
21-CR-2816-TWR

XIII

**CONTENTS AND MODIFICATION OF AGREEMENT**

This plea agreement, including the attached restitution addendum, embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing signed by all parties.

XIV

**DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT**

By signing this agreement, defendant certifies that defendant has read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

13

Def. Initials
21-CR-2816-TWR

## XV

### DEFENDANT SATISFIED WITH COUNSEL

Defendant has consulted with counsel and is satisfied with counsel's representation. This is defendant's independent opinion, and defendant's counsel did not advise defendant about what to say in this regard.

Respectfully submitted,

RANDY S. GROSSMAN
Acting United States Attorney

11/18/2021
_____
DATED

*Jaclyn Stahl*
_____
JACLYN STAHL
MEGAN ROSSI
Assistant U.S. Attorneys

11/18/2021
_____
DATED

_____
KNUT S. JOHNSON
Defense Counsel

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE.

# 11/18/2021
_____
DATED

_____
VYVIANNA M. QUINONEZ
Defendant

Approved by:

/s/ Daniel E. Zipp
_____
DANIEL E. ZIPP
Assistant U.S. Attorney

14

Def. Initials _____
21-CR-2816-TWR