**RESTITUTION ADDENDUM**

**United States v. Vyvianna M. Quinonez, 21-CR-2816-TWR**

This Restitution Addendum is incorporated into and is part of Defendant's plea agreement. In addition to the penalties in this plea agreement, Defendant's conviction will require that Defendant pay restitution.

1. Based on the crime to which Defendant is pleading guilty, the Court may order pursuant to 18 U.S.C. § 3663 that Defendant make restitution to the victim(s) of the offense of conviction or the estate(s) of the victims(s).

2. The amount of restitution ordered by the Court may include restitution to any person directly harmed by the Defendant's criminal conduct in the course of the scheme, conspiracy, or pattern. The parties agree that the Court may also order restitution to persons other than the victims of the offense of conviction. Restitution may include losses arising from counts dismissed and charges not prosecuted as well as all relevant conduct in connection with those counts and charges.

3. The parties estimate the amount of restitution will be at least $20,001.15. Defendant understands that this is only an estimate based on currently available information. The Government will recommend restitution of at least $20,001.15, but the amount and recommendation may be higher depending on information at sentencing. The Court may impose restitution of any amount based on information available at sentencing. Defendant agrees that a restitution award in a higher amount is not grounds to withdraw Defendant's guilty plea. The Defendant also agrees that nothing in this plea agreement or restitution addendum limits the Government's duty to provide complete and accurate facts to

the district court and the U.S. Probation Office to calculate restitution.

4. The parties agree that notwithstanding any Court order, the total amount of restitution will be due and payable in full when the Defendant is sentenced. The parties further agree that any payment schedule imposed by the Court establishes only a minimum obligation. Any payment schedule does not foreclose the United States from exercising all legal actions, remedies, and process available to collect the full restitution judgment at any time, including but not limited to remedies pursuant to 18 U.S.C. §§ 3613 and 3664(m)(1)(A). Defendant will make a good faith effort to pay the full restitution. Defendant waives all demand for payment of restitution.

5. Restitution shall be paid through the Office of the Clerk of the District Court by bank or cashier's check or money order referencing the criminal case number and made payable to the "Clerk, United States District Court."

Based on currently available information, restitution shall be paid to or on behalf of the following victim(s):

| Victim | Amount |
|---|---|
| Sedgwick | $18,506.62 |
| Southwest Airlines Co. | $1,494.53 |

6. The United States may run credit and other financial reports on Defendant using public and non-public databases and share such information with the Court and the U.S. Probation Office. Defendant also authorizes the Internal Revenue Service to transmit to the United States Attorney's Office copies of his/her tax returns until restitution is paid in full and will promptly execute any documents necessary to

carry out this authorization. Defendant agrees to authorize the release of all financial information requested by the United States including, but not limited to tax information, bank account records, credit history, and social security information. Defendant waives notice of any subpoena issued by the United States and deemed by the United States to be relevant to conduct a full financial investigation.

7. Not later than 30 days after execution of the plea agreement and prior to sentencing, Defendant shall complete and provide to the United States, under penalty of perjury, a financial disclosure form listing all Defendant's current and projected assets and financial interests valued at more than $1,000. These include all assets and financial interests in which Defendant has an interest (or had an interest prior to May 26, 2021), direct or indirect, whether held in Defendant's name or in the name of another, in any property, real or personal, including marital and community property. Defendant shall also identify all assets valued at more than $1,000 which have been transferred to any third party since May 26, 2021, including the location of the assets, the identity of the third party or parties, and the amount of consideration received by the Defendant for the transferred assets. Additionally Defendant agrees to continue to provide updated and current financial information sworn under penalty of perjury as requested by the United States until such time as the judgment debt including any and all accrued interest is paid in full. Defendant agrees to provide all supporting documentation for the financial statements including, but not limited to, state and federal income tax returns, bank and brokerage statements of accounts, and real property records.

8. From the date this plea agreement is executed until restitution is paid in full, Defendant shall immediately notify the Asset Recovery Section of the United States Attorney's Office of any interest in property worth more than $1,000 that Defendant obtains, directly or indirectly, including any interest obtained under any other name or entity, including a trust, partnership or corporation. The parties will jointly recommend that this requirement also be imposed as a condition of supervised release.

9. Defendant shall notify the Asset Recovery Section of the United States Attorney's Office at least 30 days before Defendant transfers any interest in property owned directly or indirectly by Defendant worth over $1,000, including any interest held or owned under any other name or entity, including trusts, partnerships, or corporations. The parties will jointly recommend that this requirement also be imposed as a condition of supervised release.

10. Defendant shall immediately notify the Asset Recovery Section of the United States Attorney's Office of any material change in Defendant's financial condition.

11. Defendant agrees that the restitution, and any other monetary penalty imposed by the Court, will be entered into the Treasury Offset Program (TOP) so that any federal payment or transfer of returned property to Defendant will be offset and applied to pay the unpaid judgment amount. Defendant waives the administrative requirements of the Treasury Offset Program, including the requirement that the debt be delinquent or past due. Defendant waives all TOP notices, including notices of referral and entry into the TOP and of TOP offsets. Defendant waives all rights to contest the TOP

offsets. Defendant acknowledges that all judgment debts remain past due until paid in full and therefore, agrees that her debt will remain in the TOP until paid in full.

RANDY S. GROSSMAN
Acting United States Attorney

11/18/2021
DATED

Jaclyn Stahl
JACLYN STAHL
MEGAN ROSSI
Assistant U.S. Attorneys

11/18/2021
DATED

KNUT S. JOHNSON
Defense Counsel

11/18/21
DATED

VYVIANNA M. QUINONEZ
Defendant