RANDY S. GROSSMAN
United States Attorney
JACLYN STAHL
Assistant United States Attorney
California Bar No. 295467
United States Attorney's Office
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-8456
Fax: (619) 546-0510
Email: Jaclyn.Stahl@usdoj.gov

Attorneys for the United States

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 21-CR-2816-TWR |
|---|---|
| Plaintiff, | |
| v. | **NOTICE OF APPEAL OF MAGISTRATE JUDGE'S ORDER SETTING BOND; MOTION FOR STAY PENDING APPEAL** |
| VYVIANNA M. QUINONEZ, | |
| Defendant. | No Hearing Set |

The United States files this Notice of Appeal of the Order Setting Bond issued by Magistrate Judge Kendall J. Newman of the Eastern District of California on February 16, 2022. The United States further requests a Stay of the Order Setting Bond pending this appeal.

## BACKGROUND

Defendant was charged in an information with assault resulting in serious bodily injury and interference with flight crew members and attendants, in violation of 18 U.S.C. § 113(a)(6) and 49 U.S.C. § 46504 respectively. ECF 16. On December 22, 2021, Defendant pleaded guilty to the interference count. ECF 21. On January 7, 2022, this Court held a status hearing regarding acceptance of the guilty plea and Defendant's bond. ECF 42. After a lengthy hearing with arguments from both parties, this Court ordered the Defendant remain on bond. Although a transcript of that hearing is not

currently available, the United States notes that this Court explained that it was a close case whether Defendant should remain on bond given the nature of her crime and danger to the community.

Nine days later, the Defendant was cited for Driving Under the Influence, in violation of California Vehicle Codes 23152(a) and (b). ECF 45. California Highway Patrol (CHP) officers observed the black Chevrolet Camaro Defendant was driving weaving and Defendant swerved to the right almost striking the concrete curb. ECF 45. After pulling Defendant over, the officers observed Defendant had red and watery eyes. Defendant claimed she had been on her phone arguing with her boyfriend. Officers smelled a strong odor of alcohol and asked Defendant how much she had to drink. Defendant stated she had a couple of drinks. Officers noted that Defendant's speech was slurred. ECF 45.

The Pretrial Services Officer notified the Court that Defendant's citation constituted a violation of her bond in this case. This Court issued a no bail bench warrant on January 28, 2022. *Id.*

Defendant was arrested in the Eastern District of California on February 15, 2022. *United States v. Quinonez*, 22-MJ-26-KJN (E.D. Cal.). On February 16, 2022, the United States moved to detain Defendant in accord with this Court's no bail bench warrant. Magistrate Judge Newman ordered Defendant released to home detention but granted the United States' request to stay the order to allow the United States time to appeal. This appeal follows.

## ARGUMENT

This Court should review the Magistrate Judge's bond order *de novo*. *United States v. Koenig*, 912 F.2d 1190, 1191 (9th Cir. 1990). The Court "should review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference." *Id.* at 1193. Pursuant to this Court's request, the United States is making every effort to obtain the transcript of the

hearing before the Magistrate Judge as quickly as possible and will submit it once received.

Defendant is a danger to the community. Defendant stands convicted of Interfering with a Flight Crew Member or Attendant in violation of 49 U.S.C. § 46504. As admitted in her plea agreement, Defendant "knowingly assaulted S.L. by intentionally punching S.L. in the face and head with a closed fist and grabbing S.L.'s hair." ECF 34 at 3. As a result of being assaulted by Defendant, S.L. suffered bodily injury, including a bruised and swollen eye; a cut under her eye, requiring three stitches; and three chipped teeth, two of which were replaced by crowns. *Id.* at 4.

In light of the violate nature of the crime and pursuant to 18 U.S.C. § 3143, this Court held a status hearing regarding bond following the conviction. Defense counsel submitted briefing and numerous character references. This Court noted that it was a close case regarding danger to the community but gave Defendant the opportunity to remain on bond. Immediately, the Defendant violated the terms of her bond and placed others in the community at severe risk by driving while intoxicated.

Further, it appears that Defendant is not willing to accept responsibility for her actions. She claims that her high blood alcohol level is due to gastric bypass surgery. However, Defendant told pretrial services that her doctor informed her that "if she drinks alcohol, her blood alcohol concentration may rise abnormally due to the small size of her stomach." ECF 45. Given this warning by her doctor, Defendant should have been especially careful about the possibility of driving while intoxicated. Yet, she showed a disregard for others on the road when she chose to drink and drive.

//
//
//
//
//
//

## CONCLUSION

Given the nature of her conviction and her clear disregard for the safety of others caused by her driving while intoxicated, Defendant cannot show by clear and convincing evidence that she is not a danger to the community. *See* 18 U.S.C. § 3143. Accordingly, this Court should order Defendant be detained pending sentencing.

DATED: February 16, 2022.

Respectfully submitted,

RANDY S. GROSSMAN
United States Attorney

*s/ Jaclyn Stahl*
JACLYN STAHL
Assistant United States Attorney