UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>VYVIANNA M. QUINONEZ,<br><br>  Defendant. | Case No.: 21-CR-2816-TWR<br><br>**ORDER DENYING RELEASE ON BOND PENDING SENTENCING** |

  Pending before the Court is the Government's appeal of Magistrate Judge Kendall Newman's Order, dated February 16, 2022, allowing Defendant Quinonez to be released on bond pending sentencing.  For the reasons set forth below, Magistrate Judge Newman's Order setting conditions of release is VACATED and it is ORDERED that Defendant Quinonez remain in custody pending sentencing in this matter.

I.  CASE BACKGROUND

  On September 1, 2021, the Government filed a Complaint alleging that Defendant Quinonez ("Quinonez") violated Title 18, United States Code, Section 113(a)(6) (assault resulting in serious bodily injury) and Title 49, United States Code, Section 46504 (interference with flight crew members and attendants) when she assaulted a Southwest Airlines flight attendant on May 23, 2021.  Quinonez was given a notice to appear, and she was subsequently arraigned on those charges on September 17, 2021.  At that same hearing,

Magistrate Judge Dembin set bond in the amount of $20,000, secured by the signatures of two financially responsible adults – Quinonez's father and brother. The bond paperwork was executed and filed that same day.

On September 28, 2021, the Government filed a two-count Information, charging Quinonez with the same two offenses alleged in the Complaint. On December 22, 2021, Defendant Quinonez tendered a guilty plea before Judge Dembin, admitting she had interfered with a flight crew member in violation of Title 49, United States Code, Sections 46501 and 46504. In her written plea agreement, Quinonez acknowledged, among other things, that she "knowingly assaulted S.L. [a Southwest Airlines flight attendant] by intentionally punching S.L. in the face and head with a closed fist and grabbing S.L.'s hair." Quinonez further acknowledged that, "As a result of being assaulted by Quinonez, S.L. was taken to the hospital and suffered bodily injury. S.L.'s left eye was bruised and swollen; she sustained a cut under her left eye, requiring three stiches; she had a bruise in the shape of fingers on her right forearm; and three of her teeth were chipped – two of her teeth later had to be replaced by crowns." That same day, Judge Dembin issued factual findings and a recommendation that the Court accept Quinonez's guilty plea.

On January 7, 2022, the Court held a status hearing regarding the acceptance of Quinonez's guilty plea. After determining that neither party objected to Judge Dembin's factual findings and recommendation, the Court accepted Quinonez's guilty plea. The Court then, as required by Title 18, United States Code, Section 3143(a), held a hearing to determine whether Quinonez should be remanded into custody or remain on bond pending sentencing. Based on the proffers made by the parties and the written submissions provided by Quinonez, the Court concluded that Quinonez had met her burden of proving by clear and convincing evidence that she posed neither a risk of flight nor a danger to the community. As a result, Quinonez was allowed to remain on bond (pursuant to the conditions originally set by Judge Dembin) pending sentencing.

On January 28, 2022, Pretrial Services Officer Ortiz notified the Court that Quinonez had been cited by a California Highway Patrol officer for driving under the influence with

a BAC (blood alcohol content) of .08% or greater. PTS Officer characterized Defendant Quinonez's adjustment to supervision as "poor." The Court issued a no-bail bench warrant for the arrest of Defendant Quinonez.

## II.   PROCEEDINGS IN THE EASTERN DISTRICT OF CALIFORNIA

On February 15, 2022, Quinonez was arrested by authorities in the Eastern District of California. According to the docket sheet provided by the Government, Quinonez appeared (via Zoom) before Magistrate Judge Kendall Newman in the Eastern District of California on February 16, 2022. Quinonez was represented at that hearing by attorney Knut Johnson, her counsel from San Diego. According to the docket entry for that hearing, "[t]he Government moved for detention on the basis of danger to the community" and the "[d]efense argued for the defendant's release." After hearing argument from the parties and "for reasons stated on the record,"[1] Judge Newman entered an order releasing Quinonez "on a full 24 hour a day curfew and Pretrial Services supervision." Judge Newman granted the Government's request for a 24-hour stay of her release. This appeal followed.

## III.   ANALYSIS

In the hearing before Judge Newman the Government "moved for detention on the basis of danger to the community." That the Government elected to proceed in that fashion indicates that it may have asked the court to apply the wrong standard regarding the setting of release conditions for Quinonez. A Government motion for detention is properly made under Title 18, United States Code, Section 3142 with regard to a pretrial defendant, and the Government bears the burden of proving that detention is appropriate. Here, however, Quinonez stands convicted of a felony offense and the setting of release conditions is therefore governed by Title 18, United States Code, Section 3143. Under Section 3143, there is a presumption against release and the defendant bears the burden of establishing

---

[1]   The Court has not yet been provided with a transcript from the proceedings before Judge Newman.

by clear and convincing evidence that release on bond pending sentencing is appropriate. Thus, to the extent that the proceedings before Judge Newman went forward pursuant to Section 3142 as opposed to Section 3143, that was incorrect.

Applying the Section 3143 standard to the record in this case the Court concludes that Quinonez has failed to establish by clear and convincing evidence that she does not pose a danger to the community. As of the January 7, 2022, hearing, the evidence before the Court made it a close call as to whether Quinonez had met her burden under Section 3143. Ultimately, the Court resolved all evidentiary ambiguities in Quinonez's favor and determined that she had met her burden. However, the record as it existed on January 7, 2022, has now been supplemented by information that Quinonez drove her car while intoxicated. Her decision to engage in that conduct occurred less than two weeks after she was cautioned by the Court to obey all release conditions, including the condition to remain law abiding. Through her actions, Quinonez has now made the Section 3143 analysis no longer a close call.

### IV.  CONCLUSION

For the reasons stated above, Magistrate Judge Newman's Order setting conditions of release is VACATED and it is ORDERED that Defendant Quinonez remain in custody pending sentencing in this matter.

**IT IS SO ORDERED**.

Dated: 2/17/2022

The Hon. Todd W. Robinson
United States District Judge